ENRIQUE PIOVANETTI DOUMONT, Plaintiff and Appellee, *v.* DOLORES MARTÍNEZ and THE FEDERAL LAND BANK OF BALTIMORE, Defendants and Appellant the latter.

No. R-62-274.     Decided February 19, 1971.

*Guillermo S. Pierluisi, Carlos Romero Barceló,* and *Walter Pierluisi* for appellee. *Baragaño, Trías, Saldaña & Francis* for appellant.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

ON MOTION FOR RECONSIDERATION*

---

\* The judgment sought to be reconsidered reads thus:

"Assuming the correctness of the trial court's determination concerning the nullity of the summary foreclosure proceeding which gave rise to this action—failure to serve process on the foreclosed debtor—since at the date when the action was brought[1] the title to the real property belonged in good faith to a third party,[2] the personal subsidiary action for the indemnity of the damages caused by the actions of the creditor shall

The Federal Land Bank filed an action for the summary foreclosure of a mortgage against Enrique Piovanetti, for the recovery of $4,545.68 principal and interest which Piovanetti owed to said Bank. The auction in which the property was awarded to the mortgagee was held on February 20, 1931. Twenty-five years after the auction was held, Piovanetti filed a complaint against the bank. The action is based on the fact that Piovanetti had not been served with process. He claims the return of the property or in default thereof the sum of $108,000 for the value of the mortgaged property, plus $237,250 for the uncollected fruits. The action prevailed. The bank was ordered to pay him $156,446.32 plus interest at the annual rate of 6% until the liquidation of the principal once the amount of the credit, the due interest, and other expenses, and $5,000 of attorney's fees were deducted.

██ Relying on *Ríos* v. *Banco Popular*, 81 P.R.R. 368 (1959), through judgment we reversed the one rendered by the Superior Court, San Juan Part, Mr. J. M. Calderón, Judge, because we understood that the action exercised had prescribed. In *Ríos* the opinion of the Court as well as the opinion of Mr. Justice Belaval, and Mr. Justice Santana Becerra took for granted what has been so often held by this Court to the effect that the action to request the annulment

fall only upon the debtor plaintiff, *Ríos* v. *Banco Popular*, 81 P.R.R. 368 (1959). It being thus, for the purpose of the prescriptive period of 15 years, the present action would have prescribed regardless of what date, whether the date of the auction (February 20, 1931), or the date when the property was recorded in favor of a third party (May 11, 1933), or the date of the service of process (September 22, 1930), is taken as starting point for the exercise thereof.

"The judgment rendered by the Superior Court, San Juan Part, on October 10, 1962, is reversed, and the complaint is dismissed with the imposition of costs on plaintiff."

"[1] May 31, 1955.

"[2] 'The Court, as a matter of law, acknowledges that José Dolores Martínez and Enrique González Souffront are third parties in good faith in regard to their purchase of the property object of this action.' "

of a mortgage foreclosure never prescribes, *Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388 (1949), and that if the foreclosed property has passed into the hands of a third party in good faith—as the trial judge concluded that happened in the instant case—the only action the foreclosed debtor has is the action for damages, action which has a prescriptive term of fifteen years, pursuant to § 1864 of the Civil Code, 31 L.P.R.A. § 5294. *Buil* v. *Banco Popular*, 69 P.R.R. 237, 248 (1948); *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 P.R.R. 498 (1946); *Carmona et al.* v. *Cuesta*, 20 P.R.R. 215 (1914) (reversed in regard to the particular which refers to the time when the prescriptive term shall start running). The only thing which divided the justices was the date when the deduction of the fifteen year period starts. In the judgment we rendered in the case at bar reversing that of the trial court, we held that the action had prescribed, regardless of the starting point we chose for the beginning of the prescriptive term—be it the date when the auction took place; or the date when the property was recorded in favor of the third party; or the date of the service of process. We are asked to reconsider that judgment since it is alleged that the *Ríos* case is not applicable. It is maintained that in *Ríos* the defect arose from the initial petition—collection of excessive interest— while in the case at bar the defect which causes the nullity arises from the proceeding—failure to make valid demand for payment. One proceeding was as void as the other. From the legal point of view, one auction was as nonexistent as the other. We find no reason to make the distinction favored by plaintiff. *Ríos* did not contemplate it, nor has it been justified by the previous decisions of this Court. *Arvelo et al.* v. *Banco Ter. y Agr.*, 25 P.R.R. 677 (1917). We quote from the *Ríos* case at pp. 375, 376: "By operation of law, the creditor is held liable and is bound to compensate the damages caused to the foreclosed debtor by *illegalities* in the exercise of his action. We have so repeatedly declared in holding: (1) that it is neces-

sary to comply strictly with the procedures and requirements of the summary proceeding, thereby rendering null and void the acts performed by deviating therefrom; and (2) that the collection of excessive interest or other amounts not secured by mortgage is a substantial error, to the prejudice of the debtor's rights, which renders void the foreclosure proceeding instituted, even though such illegality is due to a mere error of law or to mere negligence in the investigation of the facts alleged in the initial petition."

We did not establish distinctions between one type of illegality and the other. There is no reason to establish them now. As a matter of fact, in the above-mentioned *Arvelo* case, the nullity of the foreclosure proceeding originated, as in the case at bar, from the illegality of the service of process—process was served upon the widow only and not upon all the heirs. Since the foreclosed property had been transferred to a third person the foreclosing creditor was sued for damages. The defense of prescription was raised alleging that the applicable term was that established by § 1868 of the Civil Code.[1] Referring to the *Carmona* case, *supra*, we held that the applicable prescriptive term is that of fifteen years as established by § 1864 of the Civil Code[2] for personal actions for which no special term of prescription is fixed. And it is reasonable for it to have a prescriptive term. As we stated in *Ríos*: ". . . it is indispensable for the economy of the country that . . . a lapse of fifteen years should produce

---

[1] Section 1868 of the Civil Code, 31 L.P.R.A. § 5298 provides:
"The following prescribe in one year:
"1. Actions to recover or retain possession.
"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof."

[2] Section 1864 of the Civil Code, 31 L.P.R.A. § 5294 provides:
"A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

a state of unassailable right." The facts of this case show the iniquity caused by imprescriptibility. The foreclosure proceeding was brought in order to recover $4,545.68 capital and interest. If the judgment rendered by the trial court would prevail, defendant would have to satisfy by March 10, 1971, the amount of $235,936.71 which includes interest and attorney's fees. Certainly, there is no justice or equity in the position of a litigant who, being personally aware of the fact that he had not been served with process, and his property passes to other hands—it is not even the technical defect which only an expert can detect in an initial petition—waits until twenty-five years have elapsed in order to file his complaint. If the action exercised had not had a fixed prescriptive term this would be a good case to apply the defense of laches. In *Saavedra* v. *Central Coloso, Inc.*, 85 P.R.R. 404 (1962), after pointing out that the defense of laches lies when there is no prescriptive term established by law, we stated: "The facts which gave rise to this suit occurred, as alleged, 18 years ago, and it is only after this long period that this action is filed to demand compliance with the contract and claim $800,000 for damages. The action should have been filed much earlier instead of remaining idle during 18 long years and then claim something which could have been claimed from the very moment he was deprived of the use of the property." And it is that ". . . the function of the judge is, properly and above all, to do justice and this justice can only be attained by vivifying the legal prescription with equity. . . ." Castán, *La Formulación Judicial del Derecho* 115 (Madrid 1954).

In view of the foregoing the motion for reconsideration will be denied.

Mr. Justice Hernández Matos dissents in a separate opinion which he shall file in due time.